## Reed v. Filippone

*N. Horace Berman*, for plaintiff.

*Reilly & Pearce*, for defendant.

SWENEY, J., September 28, 1950.—Defendant has filed preliminary objections to plaintiff's complaint in assumpsit. The argument has been heard by the court en banc.

The complaint avers that plaintiff and defendant are residents of Upper Darby, this county; that on March 3, 1950, defendant made and delivered his check in the sum of $500 to the Brigantine Construction Company; that, on May 22, 1950, the Brigantine Construction Company assigned all of its interest in the check to plaintiff by a sealed writing of assignment; that, defendant made and delivered the check as part payment of an obligation of his sister, under an agreement with Brigantine Construction Company; that Brigantine Construction Company deposited the check in the usual course of business and that payment was refused because defendant had stopped payment on the check, and that defendant has not paid either Brigantine Construction Company or plaintiff despite demand.

Defendant raises four preliminary objections: (1) the complaint fails to show any contractual relationship existing between plaintiff's assignor and defendant; (2) the complaint shows knowledge on plaintiff's part of the infirmities of the check forming the basis of the suit, thus negativing the theory of holder in due course; (3) the complaint reveals no consideration to defendant to support his obligation as maker of the check, and (4) the complaint fails to state a cause of action.

Plaintiff answers the preliminary objections and avers that, as a matter of law, his complaint need not show any contractual relationship between plaintiff's assignor and defendant, since defendant is an accommodation maker; that the suit is not brought on the

theory of his being a holder in due course; that no consideration need be shown to establish defendant's liability on the check, and that the complaint does state a cause of action.

We are of the opinion that the preliminary objections are not well taken and must be dismissed.

From the facts averred in the complaint it is clear that defendant is an accommodation maker. Section 29 of the Negotiable Instruments Law of May 16, 1901, P. L. 194, 56 PS §66, provides:

"An accommodation party is one who has signed the instrument as maker . . . without receiving value therefor, and for the purpose of lending his name to some other person."

Plaintiff avers that he is the assignee of the payee of the check in question. There is no need to show any further contractual relationship.

The complaint shows that plaintiff became assignee on May 22, 1950, and that, prior to this, payment of the check had been stopped. While this precludes plaintiff from acquiring the status of a holder in due course, it does not bar him from asserting the status of a holder for value: Ibid., secs. 26, 52, 56 PS §§63, 132. Further, under section 29 of the act, supra, it is also provided that:

"Such a person (accommodation maker) is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

With regard to the third objection, plaintiff is not required to show a consideration. Section 24 of the act, 56 PS §61, rules that consideration is deemed, prima facie, to have been given. Pa. R. C. P. 1030 provides that failure of consideration shall be pleaded in a responsive pleading under the heading of "New Matter".

We are convinced that plaintiff has, prima facie, made out a cause of action against defendant.